JOSEPH H. HANS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hans v. Commissioner
Docket Nos. 10223-80, 16097-80.
United States Tax Court
T.C. Memo 1984-436; 1984 Tax Ct. Memo LEXIS 234; 48 T.C.M. (CCH) 885; T.C.M. (RIA) 84436; August 14, 1984. Joseph H. Hans, pro se. Eugene P. Bogner, for the respondent. COHEN
MEMORANDUM FINDINGS OF FACT AND OPINION COHEN, Judge: In a notice of deficiency *235 dated May 21, 1980, respondent determined a deficiency of $35,510.43 in petitioner's Federal income taxes for 1976 (docket No. 16097-80). In a notice of deficiency dated March 25, 1980, respondent determined a deficiency of $27,328.69 in petitioner's Federal income taxes for 1977 (docket No. 10223-80). The cases were consolidated for trial, briefing, and opinion. Both cases involve petitioner's entitlement to personal itemized deductions and business expenses claimed on his returns. FINDINGS OF FACT During the years in issue and at the time he filed his petitions herein, petitioner was a resident of Columbus, Ohio. He filed 1976 and 1977 individual income tax returns on a cash basis, using Schedule C to report income and deductions from his business as a lawyer. After petitioner's 1976 return was prepared, his records for that year were destroyed in a fire. Of the deductions disallowed in the statutory notices, respondent has now conceded that petitioner is entitled to additional deductions for 1977 consisting of $10,000 in legal and professional fees, $24,210 paid to Industrial Review Service, and $150 in political contributions. OPINION Petitioner has the burden of *236 proving that he is entitled to the deductions that he claims. Welch v. Helvering,290 U.S. 111 (1933); New Colonial Ice Co. v. Helvering,292 U.S. 435 (1934); Rule 142(a), Tax Court Rules of Practice and Procedure.
During trial, petitioner made only minimal effort, consisting primarily of vague self-serving statements, to substantiate the amounts that he claimed to have expended for deductible purposes. Although he explained his inability to present receipts for 1976 by testifying that the records were lost in a fire, he did not present any reasonable reconstruction of claimed but disallowed expenses for political contributions (other than those conceded by respondent), tax preparation, travel, entertainment, or automobile expenses, including repairs, or allowable depreciation on office furniture. The record provides us with no basis for concluding that the expenditures claimed were incurred or for determining the amount if they were incurred. As discussed below, the evidence that he presented with respect to other items was inadequate and unreliable. (Although he was given until July 10, 1984, to file a brief after trial, he has not done so. *237 ) Petitioner testified that he deducted $500 as charitable contributions on his 1976 tax return "based upon a contribution of $10 a week in the church basket." He admitted, however, that he did not attend church every week, and that he never attended on a regular basis but "probably, once a month." This testimony shows that he was not entitled to a deduction of $500 and casts doubt on his other "estimates." Petitioner deducted $7,000 in 1976 and $20,000 in 1977 for legal and professional fees. He testified that those amounts were paid to a person by the name of Shirley Stedman. The trial, which commenced on May 9, 1984, was recessed until May 11 to give petitioner the opportunity to subpoena Ms. Stedman to corroborate his testimony concerning the legal fees.Petitioner did not return on May 11. Respondent appeared and advised the Court that, with respect to the $20,000 claimed for 1977, respondent had conceded that $10,000 was deductible and petitioner had conceded that $10,000 was not deductible. Because petitioner presented no additional evidence in support of his deduction of $7,000 for 1976, we infer from his failure to produce Ms. Stedman that she would not have corroborated *238 his statements. See Wichita Terminal Elevator Co. v. Commissioner,6 T.C. 1158 (1946), affd. 162 F.2d 513 (10th Cir. 1947). Petitioner claimed various items of bad debts during 1977. As to none of those items, however, did he establish that they in fact became uncollectible during 1977. See section 166(a); [1]section 1.166-2, Income Tax Regs. Some of the items consisted of uncollected checks from clients, but petitioner did not establish that those checks represented payments previously included in his reported gross income; if they were not so included, he could not deduct the amount of the checks. Section 1.166-1(e), Income Tax Regs.
Petitioner testified that $596 claimed as "home office" expense on his 1976 tax return was based on a portion of his home telephone bills and a percentage of the utilities at his house. He did not present any evidence that would support a conclusion that he was entitled to a telephone bill deduction or a home office deduction for utilities. See sections *239 162 and 280A(c). Petitioner claimed a $2,000 casualty loss, apparently in relation to theft of a stereo, microwave oven, and tape recorder from his home. He presented no evidence concerning the fair market value of that property or his adjusted basis in the property. See section 165; section 1.165-8, Income Tax Regs.
Finally, petitioner claimed a casualty loss of $42,087.63 in 1976, which he identified as a carryover of a casualty loss claimed in 1975, which was the subject of docket No. 8767-79. In Hans v. Commissioner,T.C. Memo. 1984-412, we decided that petitioner did not sustain a casualty loss in 1975; thus he is not entitled to any deduction for 1976 in relation to that item. For all of the foregoing reasons, we conclude that petitioner has totally failed to prove that he is entitled to any deductions beyond those conceded by respondent. Decisionswill be entered under Rule 155.
Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the years here in issue.↩